UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MONDONA RAFIZADEH** | * | **CIVIL ACTION NO. 07-5194** |
| **CYRUS II PARTNERSHIP, AND** | | |
| **BAHAR DEVELOPMENT, INC.** | * | **SECTION J (1)** |
| | | |
| **VERSUS** | * | **JUDGE CARL BARBIER** |
| | | |
| **WELLS FARGO BANK, N.A.,** | * | **MAGISTRATE** |
| **TRUSTEE (successor-by-merger to** | | **KAREN WELLS ROBY** |
| Wells Fargo Bank Minnesota, N.A.), | * | |
| by and through its | | |
| Master and Special Servicer, | * | |
| **ORIX CAPITAL MARKETS, LLC** | | |

**************************************

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S CONSOLIDATED 12(b) MOTION TO TRANSFER AND/OR DISMISS

Plaintiff, Mondona Rafizadeh, submits this Memorandum in Opposition to Defendant's Consolidated 12(b) Motion to Transfer and/or Dismiss Plaintiff's Motion to Remand.

### SUMMARY OF ARGUMENT

Defendant incorrectly argues that the Petition to Annul Judgment filed by plaintiff, Mondona Rafizadeh, should be dismissed for failure to state a claim because the bankruptcy court issued a final order regarding payment of Orix's claim and that Mondona has no standing to make a claim based upon res judicata.

**1.**
## THERE IS NO "RES JUDICATA" ORDER
## FROM THE BANKRUPTCY JUDGE IN TEXAS

Mondona is not circumventing any order of the bankruptcy court as the court has not issued any orders regarding the unsecured portion of the judgment from Judge Grant. Judge Isgur's Memorandum Opinion is misnamed by defendant as "res judicata opinion" as his clearly states that "(iii) the allowance or disallowance of Orix's unsecured claim was not determined; It is the unsecured portion of the judgment and the finding of fraud that Mondona seeks to set aside in the Petition for Nullity.

Mondona is not disputing that the money was owed for the secured portion of the note. Mondona is attacking the collection methods of Orix, the double recovery, the scheme of spawning litigation like radioactive salmon and increasing costs by placing her loan into master and special servicer status in an effort to garner millions of dollars more than the amount owed on the note and the allegations of fraud.

Orix was successful in its scheme and does not want to go back before Judge Grant to explain why the discovery wasn't produced and once it is produced, to allow Judge Grant to determine if the fraud or ill practices would have changed her finding. There is only one venue and one court which is appropriate to determine if in fact Orix committed fraud and ill practices in obtaining the approximately $14 million judgment on $6.4 million dollar note and if so, what remedy will Mondona be given.

The argument that the Petition to Annul will adversely affect the administration of the bankruptcy is also ludicrous. If the Petition to Annul is successful, the Judgment will be reduced by litigation costs and double recovery will not be allowed by Orix at the cost to the estate and Mondona will have no liability whatsoever due to the non-recourse

nature of the loan. If the defendant's argument really had any merit, legally or factually, the defendant most certainly would have filed something in the bankruptcy proceeding in Texas before Judge Isgar. NOTHING has been filed in the Texas court regarding the plaintiff's Petition to Annul.

**2.**

**MONDONA HAS A PECUNIARY INTEREST
IN PETITION TO ANNUL JUDGMENT**

As a result of the finding by Judge Grant that Mondona committed fraud, Mondona has sustained damage to her reputation and her credit worthiness for many years to come, not to mention full personal responsibility for the "December judgment". Mondona has never missed a payment on any debt, including the Arlington, and had sterling credit prior to Orix putting the scheme to collect millions it was not entitled to effect.

If the finding of fraud was set aside by the Court, then Mondona would have absolutely no liability for any portion of the loan as the loan was a non-recourse loan and her guarantee was not for payment of the loan but for the carve out provisions of the guarantee. If the fraudulent judgment is allowed to stand, she will suffer consequences in any further attempts to gain credit. She will continue to suffer the damage to her reputation and she will lose the opportunity to possibly re-open and dismiss her bankruptcy which has been personally heartbreaking for her and her family.

**3.**

**MOTION TO TRANSFER FOR FORUM
NON CONVENIENS IS MERITLESS**

Defendant's disengenuous argument that the case should be transferred based upon Texas being a more convenient forum and claiming that the Bankruptcy Court is "most familiar with the proceedings" is ludicrous. Judge Jo Ellen Grant is the key witness in plaintiff's claim that the documents not produced by Orix in pre-trial discovery and at trial resulted in a judgment based upon fraud and ill practices. How can the bankruptcy judge determine whether Judge Grant would have reached a different conclusion if she had been provided with the complete and relevant evidence of Orix's knowledge of the true condition of the property prior to purchase of the note and institution of foreclosure? How can the bankruptcy court judge be in a better position to determine whether Orix presented evidence at trial which could have been successfully rebutted by Mondona if Mondona had been provided with all discovery and whether the rebuttal would have resulted in a judgment for the amount of the note and NOTHING MORE?

## **CONCLUSION**

Judge Isgur's order left open the objections to the Orix proof of claim. The payment approved in the order was for the secured portion of the judgment ONLY and Mondona has a pecuniary interest in terms of money, future financial security and credit worthiness in the business community and for the chance to clear her good name and peace of mind. There is no dollar amount which will compensate Mondona for the brand of fraud which she does not deserve.

The case should never have been removed and should be remanded immediately to state court. The plaintiff is entitled to her day in court to present defenses unavailable to her due to Orix's ill practices. This is not a core proceeding. Judge Isgur does not

want to retry this case. Under every single theory available to this court, remand is mandated and all Motions filed by the defense including the Motion to Dismiss and/or Transfer should be denied.

                                                      Respectfully submitted,

                                                      _____
 KIM K. McELWEE (18738)
P.O. BOX 357
HAHNVILLE, LOUISIANA 70057
Telephone: 504-481-7796
Telefacsimile: 504-322-2740
Email: kkmda42@aol.com

                                                      and

/s/ J. WILLIAM STARR (12409)
3421 N. Causeway Blvd., Suite 304
Metairie, Louisiana 70002
Telephone: 504-832-1966
Telefacsimile: 504-832-0164

## CERTIFICATE OF SERVICE

     I hereby certify that I have served a copy of the foregoing by United States first-class mail, properly addressed and postage pre-paid or by telefacsimile this 6th day of November, 2007.

                                          /s/ J. WILLIAM STARR (12409)