UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MONDONA RAFIZADEH, ET AL | CIVIL ACTION |
| VERSUS | NO. 07-5194 |
| WELLS FARGO BANK, N.A., ET AL | SECTION "J" (4) |

### ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 11)** filed by Plaintiff Mondona Rafizadeh and a **Consolidated 12(b) Motion to Transfer and/or Dismiss (Rec. Doc. 21)** filed by Defendant Wells Fargo Bank, N.A., Trustee by and through its Special Servicer, ORIX Capital Markets, LLC.  Both motions, which are set for hearing on November 14, 2007 without oral argument, are opposed. For the reasons that follow, the Court finds that this matter should be dismissed.

### Background Facts and Procedural History

On December 23, 2004, the 24th Judicial District for the Parish of Jefferson entered judgment for Wells Fargo Bank, by and through its Master and Special Servicer, ORIX Capital Markets ("ORIX") for approximately $10.8 million against debtors Mondona

Rafizadeh ("Rafizadeh"), Cyrus II Partnership, and Bahar Development ("Debtors").  The judgment entered was based upon certain events of default by Debtors, coupled with fraud, which warranted ORIX's foreclosure.  The litigation is now on appeal before the State Fifth Circuit in Gretna, Louisiana.

In June 2005, Debtors filed for Chapter 7 bankruptcy relief in the United States Bankruptcy Court for the Southern District of Texas.  ORIX filed a proof of claim and reached a settlement agreement with the Bankruptcy Trustee on March 29, 2006.  By October 2006, through discovery in the bankruptcy proceedings, Debtors claim they learned of certain information integral to the 2004 litigation, which was not disclosed despite discovery requests in the earlier action.  Thus, Debtors filed a counterclaim against ORIX in the bankruptcy proceeding.  On January 5, 2007, the Bankruptcy Court dismissed the counterclaim, holding that Debtors had no standing to attack ORIX's claim against the bankruptcy estate.

Then on August 14, 2007, Rafizadeh alone filed the current action in the 24th Judicial District, asking the court to annul its 2004 judgment.  On August 29, 2007, ORIX removed the case with the intention of transferring it to the United States District Court for the Southern District of Texas for referral to the Bankruptcy Court.  Plaintiff then filed a motion to remand to the 24th Judicial District.  ORIX contemporaneously filed a 12(b)

2

motion to transfer and/or dismiss.

**The Parties' Arguments**

**A.   Plaintiff's Motion to Remand**

ORIX contends that "the issues presented in the Suit have been squarely addressed by the bankruptcy court and fall within that court's jurisdiction."  Per 28 U.S.C. § 1334, district courts have original, but not exclusive jurisdiction of proceedings arising under or related to title 11, the bankruptcy code.  Plaintiff's current action seeks to annul the judgment that serves as the basis of ORIX's claim in bankruptcy court.  Thus, ORIX argues that "the instant matter constitutes a 'core proceeding' 'arising in' or 'arising under' title 11" and thus the bankruptcy court maintains jurisdiction.

Plaintiff's Motion to Remand asserts that "[r]emand [to state court] is proper as this case presents only state law claims that originated in the trial court and have been there since 2002."  Plaintiff argues that this case is "related to" the bankruptcy proceeding, but does not arise only in the context of the bankruptcy case.  The annulment would serve to limit the amount of the judgment and clear Plaintiff's name.

Following an assessment that the bankruptcy court exercises permissive rather than mandatory jurisdiction, Plaintiff points to 28 U.S.C. § 1334(c)(2), outlining five elements in determining whether mandatory abstention is appropriate: (1) a timely motion,

(2) the proceeding is based upon state law claim or cause of action, (3) the proceeding is related to, but not arising under title 11, (4) the action could not have commenced in federal court but for jurisdiction under § 1334, and (5) the action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.  Plaintiff claims this action meets all five factors in the statute and thus warrants remand.

If the Court finds mandatory remand is not appropriate, Plaintiff argues, in the alternative, that equity supports remand.  Plaintiff supports a request for remand through the following assertions: this suit is essentially the second half of a case already reduced to judgment, claims arise only under state law and implicate no federal concern, the 24th Judicial District is intimately familiar with 2004 case, and interests of judicial economy and comity favor remand.  The crux of Plaintiff's argument appears to be that "it should be the ultimate decision of the previous judge who heard the trial whether the concealment of documents and evidence by ORIX and the fraud and ill practices of ORIX led her to render a judgment that should be nullified."

In opposition, ORIX asserts that this suit, a "core" bankruptcy matter, should not be remanded through either mandatory abstention or equitable remand because it concerns the administration of Rafizadeh's bankruptcy estate, interferes with the bankruptcy claims allowance process, and adjusts the debtor-

creditor relationship.

**B. ORIX's Motion to Transfer and/or Dismiss**

ORIX asserts that no genuine dispute of material fact exists because the bankruptcy court's final order makes clear that: (1) ORIX's claim based on the judgment has been allowed and paid in part; (2) the order allowing ORIX's claim is now final and res judicata; (3) Rafizadeh has no standing to contest ORIX's claim; and (4) the order finding Rafizadeh had no standing is likewise now final and res judicata.  Thus, ORIX's motion is primarily based on res judicata and standing.  ORIX argues that this suit is a collateral attack on final orders of the bankruptcy court, specifically the March 2006 order outlining the agreement for payment of ORIX's claim and the January 2007 order finding Rafizadeh lacked standing.  Additionally, as a Chapter 7 debtor, ORIX contends that Rafizadeh is no longer a "party in interest" and therefore lacks standing to bring the present claim.

If the Court declines to dismiss the case, ORIX asks the Court to transfer the suit to bankruptcy court in the Southern District of Texas.  ORIX argues that the request for nullity impinges on orders and decisions of the bankruptcy court.  As such, that court is the appropriate forum for this action.

In reply, Plaintiff argues that the bankruptcy court's earlier orders pertain only to the secured portion of the judgment, which Plaintiff does not contest.  Instead, Plaintiff

challenges the unsecured claim, which has not been determined.

### Discussion

As an initial matter, this Court must determine whether Plaintiff's claim should be dismissed for lack of standing or on the basis of res judicata.  When considering a motion to dismiss for failure to state a claim upon which relief can be granted, if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment."  Fed. R. Civ. P. 12(b)(6).

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).  Clearly, if the matter is barred by res judicata or Plaintiff lacks standing, these issues would be determinative and the case dismissed.

As to standing, ORIX maintains that Plaintiff has no pecuniary interest in this suit for nullity because she has been discharged from liability on the 2005 judgment, and this suit can

6

grant her no relief that she has not already obtained through her discharge.  However, borrowing language from the December 6, 2006 order of the bankruptcy court, this argument is without merit.  Rafizadeh's action to annul the earlier judgment could result in well over $10 million in recovered assets.  Plaintiff would thus have "a realistic chance of obtaining a surplus if her allegations prove true . . . . She has a pecuniary interest in defending herself, as a post-discharge debtor, against the claim of ORIX."

ORIX then points to a January 2007 order of the bankruptcy court that found Rafizadeh lacked standing to bring a lawsuit against ORIX.  However, the counterclaim at issue there did not have the potential to yield financial benefit for Rafizadeh, as in the current action.  Thus, Plaintiff does have standing to contest the claim.

As to res judicata, ORIX asserts that the bankruptcy court's orders are final and thus not challengeable.  The Fifth Circuit has determined that "[a]n arrangement confirmed by a bankruptcy court has the effect of a judgment rendered by a district court.  Any attempt by the parties to relitigate any of the matters that were raised or *could have been raised* there is barred under the doctrine of *res judicata*."  In re Brady Municipal Gas Corp., 936 F.2d 212, 215 (5th Cir. 1991).  A bankruptcy judgment bars a subsequent suit if: (1) both cases involve the same parties; (2)

the prior judgment was rendered by a court of competent jurisdiction; (3) the prior decision was a final judgment on the merits; and (4) the same cause of action is at issue in both cases.  In re Baudoin, 981 F.2d 736, 740 (5th Cir. 1993).  ORIX points to two distinct orders which it argues have claim preclusive effect: the order granting ORIX's claim and the order determining Rafizadeh lacked standing.

As to the bankruptcy court's order granting ORIX's claim, this order stemmed from collection of a judgment while the instant matter arises in tort.  Therefore, this argument lacks merit.

The bankruptcy court's January 2007 order denied Rafizadeh's counterclaim against ORIX for lack of standing.  Rafizadeh's counterclaim argued that ORIX had been paid and the debt discharged.  Three weeks before the adversary proceeding was set for trial, Rafizadeh filed a motion for leave to amend the counterclaim.  The proposed amended counterclaim set forth "dramatically different issues," including the first mention of ORIX's alleged ill-practices.  The bankruptcy court deemed the amendment unfairly prejudicial to ORIX and denied the motion.  This order appears to meet all the requirements set out in Baudoin: the parties are the same, the counterclaim was appropriately filed and decided by the bankruptcy court, the order was final, and the same issues were raised.

It appears Plaintiff is simply seeking to get around an unfavorable judgment of the bankruptcy court by filing in state court.  As the bankruptcy court noted in its December 2006 order: "[Rafizadeh] cannot contest ORIX's bankruptcy claim in Louisiana.  Her proper forum to object to the claim is the Houston bankruptcy proceeding."  If Plaintiff wishes to pursue the current action, the appropriate means is through a motion to reconsider in the bankruptcy court.  Therefore, this Court finds that Plaintiff's motion to remand should be denied and her claim dismissed.  Accordingly,

**IT IS ORDERED** that Defendant ORIX's **Consolidated 12(b) Motion to Transfer and/or Dismiss (Rec. Doc. 21)** should be and hereby is **GRANTED** and Plaintiff's claim hereby **DISMISSED.**

**IT IS FURTHER ORDERED** that Plaintiff's **Motion to Remand (Rec. Doc. 11)** should be and hereby is **DENIED.**

New Orleans, Louisiana, this 13th day of November, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE