UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MONDONA RAFIZADEH, ET AL | CIVIL ACTION |
| VERSUS | NO. 07-5194 |
| WELLS FARGO BANK, N.A., ET AL | SECTION "J" (4) |

### ORDER AND REASONS

Before the Court is Plaintiff Mondona Rafizadeh's **Motion for New Trial Under Rule 59 of Federal Rules of Civil Procedure and Rule 60 of Federal Rules of Civil Procedure with Regards to Decision Rendered by this Court on November 13, 2007 Dismissing Plaintiff's Petition (Rec. Doc. 45).** This motion, which is opposed, was set for hearing on January 9, 2008 on the briefs.

Also before the Court is Rodney D. Tow, Chapter 7 Trustee's (the "Trustee") **Motion to Intervene (Rec. Doc. 41)** and the Trustee's **Motion for New Trial and/or for Reconsideration of Judgment (Rec. Doc. 42).** Both motions were set for hearing on January 9, 2008 on the briefs; however, only the Motion for New Trial is opposed.

For the reasons that follow, the Court finds that Plaintiff's and the Trustee's motions should be granted, and this matter remanded.

**Background Facts and Procedural History**

On December 23, 2004, after a four-day trial, the 24th Judicial District for the Parish of Jefferson entered judgment for Plaintiff Wells Fargo Bank, by and through its Master and Special Servicer, ORIX Capital Markets (hereinafter "Orix") for approximately $10.8 million against debtors Mondona Rafizadeh, Cyrus II Partnership, and Bahar Development (hereinafter "Debtors").  The judgment entered was based upon certain events of default by Debtors (coupled with fraud), which warranted Orix's foreclosure.  The litigation is now on appeal before the State Fifth Circuit in Gretna, Louisiana.

In June 2005, Debtors filed for Chapter 7 bankruptcy relief in the United States Bankruptcy Court for the Southern District of Texas.  Orix filed a proof of claim and reached a settlement agreement with the Bankruptcy Trustee on March 29, 2006.  By October 2006, through discovery in the bankruptcy proceedings, Debtors claim they learned of certain information integral to the 2004 litigation, which was not disclosed despite discovery requests in the earlier action.  Thus, Debtors filed a counterclaim against Orix in the bankruptcy proceeding.  On January 5, 2007, the Bankruptcy Court dismissed the counterclaim, holding that Debtors had no standing to attack Orix's claim against the bankruptcy estate.

Then on August 14, 2007, Rafizadeh alone filed the current action in the 24th Judicial District, asking that court to annul

its 2004 judgment.  On August 29, 2007, the now Defendant Orix filed a notice of removal with the intent to transfer the case to the United States District Court for the Southern District of Texas for referral to the Bankruptcy Court.  Plaintiff then filed a motion to remand to the 24th Judicial District.  Defendant contemporaneously filed a 12(b) motion to transfer and/or dismiss.  This Court dismissed the claim based on the preclusive effect of the bankruptcy court's earlier ruling.

On November 29, 2007, Rafizadeh filed a motion for a new trial, which is now before this Court.  The Chapter 7 Trustee Rodney Tow ("Trustee") also filed a motion for a new trial in addition to a motion to intervene.

## The Parties' Arguments

In support of the motion for a new trial, Plaintiff argues that this Court misinterpreted the bankruptcy court's earlier ruling.  Plaintiff argues that the bankruptcy court's refusal to hold Plaintiff in contempt for filing this action and the bankruptcy court's recommendation that the Trustee join the current action, implies that the bankruptcy court did not see its previous rulings as having barred this nullity action.  Plaintiff relies in support on the bankruptcy court's later clarification of its ruling in which that court denies claim preclusive effect.

The Trustee supports Plaintiff's argument, adding that the parties' bankruptcy settlement agreement includes a reservation of rights and the bankruptcy court has stated that it has not

3

ruled on the merits of Plaintiff's nullity action. Furthermore, upon motion for clarification by the Trustee, on December 26, 2007, the bankruptcy court stated that "no prior Order of this Court precludes Mondona Rafizadeh or the Trustee from asserting the Nullity Action within a Louisiana State Court or Federal Court to which such action has been removed or to take such action within such court as to preserve the Nullity Action as a basis for an objection to the claim or ORIX within this court."

In addition to supporting Plaintiff's argument regarding the non-preclusive effect of the bankruptcy court's ruling, the Trustee further asserts additional arguments for a new trial, specifically attacking federal jurisdiction over the matter. First, the Trustee argues that under the Rooker-Feldman doctrine, federal district courts lack subject matter jurisdiction to entertain collateral attacks on state court judgments. The Trustee acknowledges that the applicability of this doctrine to this action is unclear as the action originated in state court. However, the Trustee contends that in dismissing this action, under Rooker-Feldman the parties may be unable to commence suit in bankruptcy court. Alternatively, the Trustee argues that this Court did not have subject matter jurisdiction over the nullity action when it dismissed based on res judicata. The Trustee cites a number of cases following <u>Barrow v. Hunton</u>, 99 U.S. 80 (1878), where a federal court remanded a nullity action to state court.

Finally, the Trustee argues that this case should be remanded under principles of abstention.  The Trustee states that it would be inequitable for him to comply with the bankruptcy court's directive that he join the current action, only for it to be dismissed based on res judicata.  Also under the doctrines of Rooker-Feldman and <u>Barrow</u>, this Court or the bankruptcy court may be unable to exercise jurisdiction, leaving the Trustee without a remedy.

In opposition to Plaintiff's and the Trustee's motions, Defendant argues that the Court was correct in determining that the suit is barred under res judicata.  The claims in the current action should have been alleged in the dischargeability suit dismissed by the bankruptcy court.  The bankruptcy court's denial of Plaintiff's motion to amend does not alter the claim preclusive effect.  Defendant then likens the bankruptcy court's clarification order to an impermissible advisory opinion, arguing that the bankruptcy court does not have the authority to determine the effect of its own judgments.

Regarding the Trustee's jurisdictional claims, Defendant argues that Rooker-Feldman does not apply because Plaintiff is not asserting any legal wrong.  Plaintiff's claim is not based upon an error of the court, but rather on the harm caused by Defendant's actions.

In reply, the Trustee argues that the bankruptcy court's earlier order does not preclude the present action because the

5

prior judgment was not final and on the merits. The bankruptcy court dismissed Plaintiff's counterclaim for lack of standing.[1] Lack of standing evidences a lack of subject matter jurisdiction, and thus the dismissal is not considered a ruling on the merits of the claim. Also, the Trustee refutes Orix's characterization of the bankruptcy court's clarification order as an advisory opinion. The Trustee likens the clarification order to an exception to the common law doctrine of *functus officio*. The exception provides that when an arbiter's award is incomplete or ambiguous, a federal court may seek clarification from the arbiter.

## Discussion

### A. New Trial

Determining whether to grant a new trial depends on the res judicata effect of the bankruptcy court's earlier order. In its November 13, 2007 Order and Reasons, this Court dismissed Plaintiff's claims because the bankruptcy court's January 5, 2007 order both denied Plaintiff's motion to amend her counterclaim, an amendment that is similar in substance to the current action, and also subsequently dismissed Plaintiff's claims against Defendants.

---

[1] Despite arguing that this Court's previous order dismissing Plaintiff's claim was likely the result of access to an incomplete bankruptcy court record, no party has yet furnished to this Court the bankruptcy court's January 5, 2007 order dismissing Plaintiff's counterclaim.

Both Plaintiff and the Trustee argue that the bankruptcy court did not consider its denial of Plaintiff's counterclaim to be res judicata as to the validity of this action.  Specifically, the bankruptcy court's January 5, 2007 order, which dismissed Plaintiff's motion to amend her counterclaim to include the charges of fraud present in this action, did not rule on the merits of the proposed amendment.  The Trustee argues that these earlier orders of the bankruptcy court do not bar the current action as they were not final and on the merits.

A bankruptcy judgment bars a subsequent suit if:

(1) both cases involve the same parties;
(2) the prior judgment was rendered by a court of competent jurisdiction;
(3) the prior decision was a final judgment on the merits; and
(4) the same cause of action is at issue in both cases.

In re Baudoin, 981 F.2d 736, 740 (5th Cir. 1993).  Plaintiff's bankruptcy counterclaim against Orix, which attempted to assert the same issues as the current action, was dismissed for lack of standing.  Therefore, because dismissal on jurisdictional grounds[2] is not considered a dismissal "on the merits," it does not serve as res judicata on the substance of the claim.[3]  Boone

---

[2] "It is well settled that unless a plaintiff has standing, a federal district court lacks subject matter jurisdiction to address the merits of the case."  Minvielle, L.L.C. v. Atlantic Refining Co., No. 05-1312, 2007 WL 2668715, *4 (W.D. La.).

[3] However, the January 2007 judgment does have res judicata effect to the extent of the determination of standing; that is, Plaintiff cannot seek to relitigate the same jurisdictional claims.  See Minvielle, 2007 WL 2668715, at *5.  Despite this

7

v. Kurtz, 617 F.2d 435, 436 (5th Cir. 1980).

Therefore, because the bankruptcy court's January 2007 order was not "a final judgment on the merits," the current action is not barred under res judicata. As a result, this Court now turns to the merits of Plaintiff's Motion to Remand (Rec. Doc. 11) and Defendant's Consolidated 12(b) Motion to Transfer and/or Dismiss (Rec. Doc. 21).

**B. Remand or Transfer**

After finding that dismissal is not appropriate, this Court must now determine whether to remand the case to state court or transfer to the Southern District of Texas for referral to the bankruptcy court.

The United States Supreme Court has held that where a nullity action to set aside a state court judgment is "a supplementary proceeding so connected with the original suit as to form an incident to it," the federal district court may decline removal jurisdiction. Barrow v. Hunton, 99 U.S. 80, 82 (1879). In Our Lady of the Lake Hospital, Inc. v. Carboline Co., the plaintiff brought an action in state court to have an earlier judgment declared null due to the fraudulent practices of the defendant, specifically the withholding of documents during an earlier trial. 847 F.Supp. 452, 452 (M.D. La. 1994); see also

---

Court's earlier determination of Plaintiff's standing, though, because the Trustee now seeks to intervene in the matter, there is no longer a dispute regarding standing.

8

Taylor v. Taylor, No. 01-1886, 2001 WL 1491026, *1 (E.D. La. Nov. 21, 2001). The defendant removed the action to the Middle District of Louisiana; however, the court subsequently granted the plaintiff's motion to remand. Id. at 453. Applying Barrow, the court held that the nullity action was so connected with the original state suit as to form a continuation of the earlier litigation. Id.

In this case, Plaintiff effectively seeks to overturn the state court's earlier judgment based on Orix's non-compliance with the discovery orders in that suit. Like in Our Lady of the Lake Hospital, this action forms a continuation of the earlier state suit. Plaintiff's proposed remedy would serve to overturn the state court judgment, in effect allowing this Court to exercise appellate jurisdiction. See Taylor, 2001 WL 1491026, at *1. Therefore, this case should be remanded. Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for New Trial Under Rule 59 of Federal Rules of Civil Procedure and Rule 60 of Federal Rules of Civil Procedure with Regards to Decision Rendered by this Court on November 13, 2007 Dismissing Plaintiff's Petition (Rec. Doc. 45)** is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that the Trustee's **Motion to Intervene (Rec. Doc. 41)** is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that the Trustee's **Motion for New Trial and/or for Reconsideration of Judgment (Rec. Doc. 42)** is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's **Motion to Remand (Rec. Doc. 11)** is hereby **GRANTED**; the above-captioned action is hereby **REMANDED** to the court from which it was removed.

**IT IS FURTHER ORDERED** that Defendant ORIX's **Consolidated 12(b) Motion to Transfer and/or Dismiss (Rec. Doc. 21)** is hereby **DENIED.**

New Orleans, Louisiana, this 22nd day of January, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE